UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE HOUR AIR CONDITIONING FRANCHISING SPE LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BIGHAM SERVICES, INC., et al., <br><br> Defendants. | Case No. 21-cv-07891-VC <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 45 |

    The motion for default judgment is granted. The Court has subject matter and personal jurisdiction over this case. The plaintiffs have not perfectly complied with California's service provisions for entity defendants because the proof of service did not contain a statement giving Ohayon notice that he was being served on behalf of Bigham Services *and* as an individual. *See* Cal. Civ. Pro. Code §§ 412.30, 417.10(a), (c). But perfect compliance is not required. Substantial compliance is sufficient. *Travelers Casualty and Surety Company of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). And these circumstances—where the summons clearly lists both defendants and subsequent communications between the parties and their lawyers make clear that both sides understood Ohayon to have been served both in his individual capacity and on behalf of the corporation—constitute substantial compliance. *See, e.g.*, Dkt. No. 45-29, at 2; Dkt. No. 45-32, at 2–3.

    The *Eitel* factors weigh in favor of granting default judgment in this case. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The complaint sufficiently alleges that Bigham Services breached its franchising agreements with the plaintiffs by abandoning its

operations in the agreed-upon territory, and this is supported by the Dawson declaration filed in connection with the motion. The plaintiffs will be prejudiced if default judgment is not entered given the impending deadline to submit a claim to the trustee in Bigham Services' General Assignment for the Benefit of Creditors proceedings (an alternative to bankruptcy). Given that counsel for the ABC entity is aware of the pending proceedings, the Court cannot presume that Bigham Services' failure to defend itself in this litigation is excusable neglect. While the sum of money at stake and the general preference for making decisions on the merits weigh against granting default, those factors cannot outweigh the others.

      The plaintiffs may recover the pre-termination damages they incurred, plus, as set forth in the operating agreement, prejudgment interest of 18% per year. For One Hour Air Conditioning, that totals $69,850.32. For Mister Sparky, that totals $21,078.44. But much of the future damages the plaintiffs request is too speculative to recover. The Court cannot assume that the average net sales over the thirteen-month period immediately preceding the breach reasonably represents the net sales Bigham Services would accrue for the entire eight years of the contracts' term that remained after the breach. And even though the plaintiffs' mitigation efforts have not yet been successful, the Court is not reasonably certain that they will be unable to resell at least some part of the relevant territories by November 2029.

      Even still, the contracts set out a non-speculative way to estimate at least some portion of the plaintiffs' future damages. At minimum, the plaintiffs were entitled to $1,500 per month for each franchise agreement until the expiration of the agreements' term in November 2029. That $1,034,250 ($738,750 for One Hour Air Conditioning and $295,500 for Mister Sparky) is not speculative. From that figure, the Court subtracts $24,625 of the plaintiffs' cost savings ($18,416.32 for One Hour Air Conditioning and $6,208.68 for Mister Sparky) and the $90,000 Ohayon paid to settle the case against him ($67,343.58 for One Hour Air Conditioning and $22,656.42 for Mister Sparky). Altogether then, One Hour Air Conditioning is awarded

$722,840.42 and Mister Sparky is awarded $287,713.34.[1]

**IT IS SO ORDERED.**

Dated: August 5, 2022

VINCE CHHABRIA
United States District Judge

---

[1] The request for judicial notice is granted. The statement of information is a fact not subject to reasonable dispute because it can be accurately and readily determined from the California Secretary of State's website. *See* Fed. R. Evid. 201(b)(2).